**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| DAVID M. PAYNE, | ) | |
| | ) | |
| Plaintiff, | ) | **CIVIL ACTION** |
| | ) | |
| v. | ) | No. 11-3024-MLB |
| | ) | |
| STATE OF KANSAS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

**I. INTRODUCTION**

This case comes before the court on petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) The matter has been fully briefed and is ripe for decision. (Docs. 15, 18). The court has reviewed those portions of the state court record which are pertinent to the issues raised in the application and finds that an evidentiary hearing is not warranted. Petitioner's application is DENIED for reasons set forth herein.

Petitioner was convicted of aggravated assault and aggravated burglary following a jury trial in state court and sentenced to 132 months in prison. In a federal habeas proceeding, the state court's factual findings are presumed correct and petitioner bears the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Petitioner does not challenge the state court's findings. Accordingly, the court incorporates the Kansas Court of Appeal's version of the facts:

> Christopher Crowe testified that he owed Payne $800 for a drug purchase. Crowe further testified that Payne came by to collect in May and October of 1998. Crowe's

girlfriend, Rebecca Stubbs, said Payne had come to the house, demanding his money, in January 1999. Payne said "he would knock Chris' house down" if Crowe did not pay him.

Crowe testified that on May 11, 1999, after an evening during which he had used marijuana, he awoke to a "big crash bang." Upon investigation, he saw Payne in dark clothing, standing in his kitchen and pointing a gun at him. Payne raised the gun and said, "Freeze, you son of a bitch." Crowe testified that he recognized Payne's voice and yelled, "Get out of here," before telling Stubbs to call 911. Payne left shortly before the police arrived, in response to Stubbs call from a neighbor's home. Shell casings were found on the ground and inside the house; the back door lock was broken and on the ground; muddy footprints were on the door; the door trim was broken; bullet holes were in the door and a cabinet; and spent bullets were inside the door and cabinet.

The neighbor, John Conrad, testified that he lived two doors down from Crowe and Stubbs and heard five gunshots on May 11, 1999. Shortly thereafter, Stubbs knocked on his door and asked if she could use his phone to call 911.

Crowe told the responding officers that Payne had fired a weapon and entered his residence. The officers testified that they knew Payne drove a large blue vehicle.

Another officer, Charles Tubbs, received a report that Payne was a suspect in a burglary and was driving a blue Oldsmobile, possibly with another suspect inside. He observed a car matching the description, verified the license plate, and pursued the car. By the time he caught up with it, it had been wrecked in a residential neighborhood. Tubbs did not find Payne.

Officer Timothy Kukula did. He observed Payne, wearing a dark shirt and dark jeans, run through an intersection near the scene of the wreck. Kukula chased Payne, caught him, and arrested him.

The police recovered a key from the wrecked car's ignition, and the key was attached to an I.D. pouch with Payne's driver's license in it. They also found a loaded automatic handgun on the driver's seat. KBI Agent Thomas Price would later testify that the bullets found in Crowe's house were fired from that gun.

State v. Payne, No. 84,664, Slip op. at 2-3 (Kan. Ct. App. July 27, 2001) (Unpublished Opinion)(Payne I).

The Kansas Court of Appeals affirmed petitioner's conviction on

-2-

direct appeal.  Id.  The Kansas Supreme Court denied review on September 26, 2001.  Petitioner then sought post-conviction relief under K.S.A. 60-1507.  The state district court summarily denied his petition and the Kansas Court of Appeals affirmed.  Payne v. State, No. 100,580, 2009 WL 2501107 (Kan. Ct. App. Aug. 14, 2009)(Payne II).  The Kansas Supreme Court denied review on June 23, 2010.

**II. ANALYSIS**

This court's ability to consider collateral attacks on state criminal proceedings is circumscribed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under the highly deferential standard set forth in AEDPA, if petitioner's claim has been decided on the merits in a state court, a federal habeas court may only grant relief under two circumstances: 1) if the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); or 2) if the state court decision "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  Id. § 2254(d)(2).

> A state court decision is "contrary to" Supreme Court precedent in two circumstances: (1) when "the state court applies a rule that contradicts the governing law set forth in [the Court's] cases"; or (2) when "the state court confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from" that reached by the Court. Williams v. Taylor, 529 U.S. 362, 406, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).  A state court decision constitutes an "unreasonable application" of Supreme Court precedent if "the state court

-3-

> identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413, 120 S. Ct. 1495. Thus, "[u]nder § 2254(d)(1)'s 'unreasonable application' clause, . . . a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411, 120 S. Ct. 1495; see also Thomas v. Gibson, 218 F.3d 1213, 1219-20 (10th Cir. 2000) (discussing Williams).
> Finally, a state prisoner seeking habeas relief based on alleged erroneous factual determinations must overcome by clear and convincing evidence the presumption of correctness afforded state court factual findings. See 28 U.S.C. § 2254(e)(1); Smith v. Mullin, 379 F.3d 919, 924-25 (10th Cir. 2004).

Hamilton v. Mullin, 436 F.3d 1181, 1186 (10th Cir. 2006). An inherent limitation to review under § 2254 is that a habeas court will only consider alleged violations of federal law. Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S. Ct. 475, 479-80 (1991). Moreover, the court will not normally consider federal questions unless they have first been presented to the state courts. Picard v. Connor, 404 U.S. 270, 277-78, 92 S. Ct. 509, 513 (1971); but see 28 U.S.C. § 2254(b)(2) (permitting denial on the merits, despite failure to exhaust state remedies).

On direct appeal of his conviction and sentence, petitioner asserted the following two errors: 1) insufficient evidence on both counts; and 2) the trial court erred in allowing prior bad act testimony and failing to give a limiting instruction. Br. of petitioner in Payne I. In his K.S.A. 60-1507 appeal, petitioner raised the following: 1) whether the trial court erred in refusing to allow petitioner to amend his 60-1507 motion; 2) whether petitioner's

sentence was an "illegal sentence"; and 3) the jury instructions deprived petitioner of due process. Br. of petitioner in Payne II.

Petitioner's application for federal habeas relief states the following four grounds for relief: 1) insufficient evidence on the jury's verdict of aggravated battery; 2) insufficient evidence on the jury's verdict of aggravated assault; 3) the jury instructions were defective; and 4) the trial court committed error by refusing to allow petitioner to amend his 60-1507 motion. (Doc. 1).

### A. Sufficiency of the Evidence

When considering sufficiency of the evidence, the court views the evidence in the light most favorable to the prosecution. Spears v. Mullin, 343 F.3d 1215, 1238 (10th Cir. 2003). Under that standard, habeas relief may only be granted if "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Id. (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). The jury's determination must be accepted as long as it is within the bounds of reason. Messer v. Roberts, 74 F.3d 1009, 1013 (10th Cir. 1996). Though it involves factual issues, a challenge to the sufficiency of the evidence is reviewed for legal error. Id. Accordingly, under AEDPA the court is limited to determining whether the Kansas Supreme Court reasonably applied the Jackson standard in this case. Id.

To convict petitioner of aggravated assault under Kansas law, the jury had to conclude that Crowe was in reasonable apprehension of immediate bodily harm with a deadly weapon. See K.S.A. 21-3408 and 21-3410. To convict petitioner of aggravated burglary, the jury had to conclude that petitioner entered Crowe's home without authority and with the intent to commit a felony. K.S.A. 21-3716.

Petitioner essentially argues that the evidence pertaining to the aggravated burglary charge was not sufficient to convict him because Crowe testified that he used marijuana the night of the crime and that he only observed the burglar for a short period of time. These arguments are essentially attacks on Crowe's credibility. The evidence during trial was that Crowe awoke to a big crash and saw an individual in dark clothing pointing a gun at him. The individual told him to freeze and Crowe recognized petitioner's voice. The police found shell casings and bullet holes in the house. The police searched for petitioner and found his car wrecked in a residential neighborhood. The police found petitioner on foot wearing dark clothing. A gun was found in petitioner's vehicle and the bullets found in Crowe's house were fired from the same gun. The court finds that based on all the above evidence, the jury's determination that petitioner committed aggravated burglary was rational. The jury chose to believe the eyewitness testimony of Crowe and the physical evidence over petitioner's arguments. That was the jury's prerogative. The court cannot make credibility determinations on review.

As to the jury's findings on the charge of aggravated assault, petitioner asserts that there was not sufficient evidence to conclude that Crowe was in apprehension of bodily harm. The court disagrees. Crowe testified that the burglar pointed a gun at him and that he was very nervous. In addition, the prosecutor asked Crowe if he was "obviously more than anxious" and "pretty upset," to which Crowe responded "Yeah. I don't understand." Payne I, No. 84,664, Slip op. at 6. Additionally, Stubbs testified that Crowe sounded panicked when he asked her to call 911. The Kansas Court of Appeals found that this

testimony was sufficient to support a finding of apprehension of bodily harm. The evidence is circumstantial, but it cannot be said that "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. at 319 (1979). The court's conclusion was neither contrary to, nor an unreasonable application of, Jackson.

Accordingly, petitioner's application is denied on this claim.

**B.   Jury Instructions**

Petitioner's next claim of error is that the jury instructions were defective. In a habeas proceeding attacking a state court judgment based on an erroneous jury instruction, a petitioner has a great burden. Lujan v. Tansy, 2 F.3d 1031, 1035 (10th Cir. 1993), *cert. denied*, 510 U.S. 1120, 114 S. Ct. 1074, 127 L. Ed.2d 392 (1994). A state conviction may only be set aside in a habeas proceeding on the basis of erroneous jury instructions when the errors had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial. Shafer v. Stratton, 906 F.2d 506, 508 (10th Cir.), *cert. denied*, 498 U.S. 961, 111 S. Ct. 393, 112 L. Ed.2d 402 (1990). "An omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law." Henderson v. Kibbe, 431 U.S. 145, 155, 97 S. Ct. 1730, 1737, 52 L. Ed.2d 203 (1977).

Petitioner references both his direct appeal and his 60-1507 appeal as the source of this claim.[1] As those appeals dealt with separate issues, the court will address them in turn.

---

[1] Petitioner fails to make any argument whatsoever concerning this claim. Therefore, out of an abundance of caution, the court will presume that petitioner seeks to challenge the decisions made on his direct appeal and on his 60-1507 appeal.

First, petitioner asserted on direct appeal that the district court erred in failing to give a limiting instruction to the jury after admitting prior bad act evidence. Petitioner's trial counsel objected to the admission of the evidence but did not request a limiting instruction. The Kansas Court of Appeals determined that no limiting instruction was required, citing State v. Humphrey, 258 Kan. 351, 363 (1995). In his filings, petitioner does not state how the court's decision is in error. Kansas law does not require a limiting instruction upon the introduction of bad faith evidence unless that evidence is admitted pursuant to K.S.A. 60-455. The record clearly demonstrates that the evidence was admitted to show evidence of a relationship and there is no reference to the statute. Moreover, the Tenth Circuit has consistently held that it is not error for a trial court to fail to give the jury a limiting instruction at the close of the case in the absence of a proper request by counsel.[2] United States v. Record, 873 F.2d 1363, 1376 (10th Cir. 1989)(citing Huddleston v. United States, 485 U.S. 681, 108 S. Ct. 1496, 99 L. Ed.2d 771 (1988)).

Next, petitioner argued in his 60-1507 appeal that his appellate counsel was ineffective for failing to challenge the instructions in his direct appeal. Petitioner correctly asserted that the jury instruction stating the elements of criminal discharge was an erroneous statement of law. The instruction stating the elements of criminal discharge improperly included an element that had been

---

[2] The court will not consider whether it was error for trial counsel to fail to request a limiting instruction as petitioner did not raise this error in state court.

-8-

previously stricken from the statute - specifically, a requirement that there was **no** apprehension of bodily harm. In light of the faulty instruction, however, petitioner was acquitted of this charge.

Petitioner contends that the incorrect jury instruction confused the jury when it was considering a verdict on the aggravated assault charge which requires a finding of apprehension of bodily harm. The Kansas Court of Appeals held that the erroneous jury instruction did not prejudice petitioner because he was acquitted of criminal discharge. The court further held that there was sufficient evidence of apprehension and there was no evidence of jury confusion.

Even though the jury was given an erroneous instruction, the court's inquiry under the analysis set forth in Brecht v. Abrahamson, 507 U.S. 619, 638 (1993), is whether the error "had substantial and injurious effect or influence in determining the jury's verdict." Having reviewed the record, the court finds that petitioner has not shown that the erroneous jury instruction, in light of the acquittal on the criminal discharge, rises to the level of an error that rendered the trial so fundamentally unfair as to cause a denial of a fair trial. As previously discussed, there was sufficient evidence to find petitioner guilty of the aggravated assault charge. Moreover, there is no evidence to support a finding that the erroneous instruction in any way impacted the jury's verdict on the assault charge.

Petitioner's application for habeas corpus relief on this ground is denied.

**C. Motion to Amend**

On his final allegation, petitioner asserts that the trial court

erred in refusing to allow him to amend his 60-1507 motion. On appeal, the Kansas Court of Appeals upheld the decision after determining that the motion to amend was made more than five years after the original motion was filed. In addition, the court held that if it were to address the amended motion on the merits it would not grant relief. The court stated that the issues in the motion to amend should have been raised in his direct appeal and that petitioner was essentially attempting a do-over.

The State argues that petitioner's claim must be dismissed because a claim challenging post-conviction procedures does not raise a constitutional claim. That is correct. The Tenth Circuit has consistently held that "due process challenges to post-conviction procedures fail to state constitutional claims cognizable in a federal habeas proceeding." United States v. Dago, 441 F.3d 1238, 1248-49 (10th Cir. 2006)(citing Phillips v. Ferguson, 182 F.3d 769, 772-73 (10th Cir. 1999)(holding that challenges to the constitutionality of state post-conviction procedures are not cognizable as independent claims in federal habeas corpus actions); Sellers v. Ward, 135 F.3d 1333, 1339 (10th Cir. 1998) ("[B]ecause the constitutional error [the defendant] raises focuses only on the State's post-conviction remedy and not the judgment which provides the basis for his incarceration, it states no cognizable federal habeas claim."))

Moreover, the Kansas Court of Appeals additionally stated that it would deny relief on the basis of petitioner's failure to raise the issue on direct appeal. The court's decision was based on the Kansas Supreme Court's ruling that a petitioner cannot use a proceeding under K.S.A. 60-1507 for trial errors. The court did not consider the

merits of petitioner's claim and considered no federal precedent of any kind in reaching its determination. Thus, the Kansas Court of Appeals relied on an independent and adequate state ground in finding that the relief petitioner sought was not available.

Therefore, petitioner's claim is procedurally defaulted, and may only be considered by this court upon a showing of cause for the default and resulting prejudice, or in order to prevent a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750, 111 S. Ct. 2546 (1991). Petitioner has neither alleged nor shown cause and prejudice. Therefore, petitioner has not overcome the procedural default. Moreover, the court has found that no fundamental miscarriage of justice exists.

Petitioner's application for habeas corpus relief on this ground is denied.

### III. CONCLUSION

Petitioner's application for habeas corpus is denied. (Doc. 1).

A motion for reconsideration of this order under Local Rule 7.3 is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and

shall strictly comply with the standards enunciated by this court in <u>Comeau v. Rupp</u>.  The response to any motion for reconsideration shall not exceed three pages.  No reply shall be filed.

    IT IS SO ORDERED.

    Dated this <u>  4th  </u> day of October 2011, at Wichita, Kansas.

                                         <u>s/ Monti Belot                </u>
                                         Monti L. Belot
                                         UNITED STATES DISTRICT JUDGE